CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 14 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

|  |  |
|---|---|
| BRYAN GLYNN, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 3:16CV00086 |
| LA CASA DEL TABACO, PABLO NUNEZ, and EDDY FONTANA | : COMPLAINT AND JURY DEMAND |
| Defendants. | : |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, BRYAN GLYNN ("Plaintiff"), brings this complaint in the United States District Court for the Western District of Virginia against LA CASA DEL TABACO, PABLO NUNEZ, and EDDY FONTANA ("Defendants"), alleging as follows:

## PARTIES

1. Plaintiff is a United States citizen and internationally-recognized commercial photographer who currently resides in Holiday, Florida. Plaintiff produces high-quality, landscapes, portraits, and product photographs, and regularly works for a wide variety of commercial and advertising clients. Over the past twenty-five (25) years, Plaintiff has photographed thousands of cigars, both in groups and details, for his cigar review website, www.cigarobsession.com.

2. On information and belief, LA CASA DEL TABACO is a limited liability company existing under the laws of the State of Georgia, with headquarters in Atlanta, California. LA CASA DEL TABACO is a premium cigar shop and lounge specializing in sales of high-end cigars from throughout the world (www.cigaratlanta.com, www.lacasacigaratlanta.com, www.facebook.com/La-Casa-del-Tabaco-155019114756/?ref=page_internal). LA CASA DEL TABACO serves clients throughout the Unites States.

3. On information and belief, PABLO NUNEZ is an individual and co-founder of LA CASA DEL TABACO.

4. On information and belief, PABLO NUNEZ directly operates or directs others to operate the business of LA CASA DEL TABACO, including but not limited to: hiring and firing decisions, advertising and marketing decisions, and website content decisions.

5. On information and belief, EDDY FONTANA is an individual and co-founder of LA CASA DEL TABACO.

6. On information and belief, EDDY FONTANA directly operates or directs others to operate the business of LA CASA DEL TABACO, including but not limited to: hiring and firing decisions, advertising and marketing decisions, and website content decisions.

## JURISDICTION AND VENUE

7. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

8. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

9. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. Plaintiff captured the photograph, "20111215gxmas0015," ("Copyrighted Photograph") on December 15, 2011.

11. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on October 22, 2015 (Registration No.: 1-775-610).

12. Plaintiff published the Copyrighted Photograph on December 16, 2011 on www.cigarobsession.com.

13. Beginning on or about August 2015, Defendants copied and posted the Copyrighted Photograph to the company's website homepage, www.cigaratlanta.com, as an example of the cigar products offered for sale, as well as to promote the company's Cigar Lounge and Relaxing Room. The Copyrighted Photograph was also copied and stored on the company's server.

14. The Copyrighted Photograph was posted to the following URL:

    www.cigaratlanta.com

    www.cigaratlanta.com/wp-content/uploads/2015/08/Gurkha2-400x400.jpg

# COUNT I

## INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.

15. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

16. Plaintiff is, and at all relevant times has been, the copyright owner or licensees of exclusive rights under United States copyright with respect to certain photographs, including but not limited to the Copyrighted Photograph (Exhibit A) of which are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (Exhibit B).

17. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photographs to the public.

18. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, have copied and used the Copyrighted Photograph on Defendants' public website, www.cigaratlanta.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright. (Exhibit C contains a sample of the Defendants' website pages displaying the Copyrighted Photograph).

19. Plaintiff is informed and believes that the foregoing acts of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

20. As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for

Defendants' infringement of the Copyrighted Photograph. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II

## REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. §1202

21. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying the Copyrighted Photograph on Defendants' public website, www.cigaratlanta.com. Specifically, Defendants cropped out the "BGPictures" logo applied by Plaintiff to the left bottom corner of the Copyrighted Photograph. In doing so, Defendants violated 17 U.S.C. § 1202(a)(1) and (b)(1).

22. As a result of Defendants' actions, Plaintiff is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(b)(3). Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and

all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photographs without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § § 504-5, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: December 14, 2016

_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
*Attorney for Plaintiff*